UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

JOHNNY VELEZ-GARRIGA,

                    Petitioner,                    **MEMORANDUM & ORDER**
                                                      20-CV-5911(EK)

          -against-

E. BELL, Superintendent,

                    Respondent.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Petitioner Johnny Velez-Garriga, proceeding *pro se*,

filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Petitioner now moves for stay and abeyance,

an evidentiary hearing and expansion of the record, and leave to

amend his petition.  Respondent opposes the motion for a stay.

For the reasons set forth below, I deny Petitioner's motions.

If Petitioner wishes to renew his motion to amend, as described

below, he must do so within sixty days of the entry of this

order.

## I.  Background[1]

          In June 2015, Petitioner was convicted of murder in

the second degree and possession of a weapon in the second

---

[1] Most of the procedural history recited here is taken from Respondent's
opposition to the petition.  *See* Respondent's Resp. to Pet. ("Resp."), ECF
No. 4.  Petitioner's motion "incorporate[s] the procedural history" set forth

degree in Kings County Supreme Court.  Pet. 1, ECF No. 1.  The
state court sentenced him to concurrent prison terms of twenty-
five years to life for murder and fifteen years for possession
of a weapon.  *Id.*  Petitioner timely appealed; on appeal, his
counsel argued that: (1) the trial court erroneously denied
Velez-Garriga's motion to suppress a statement he made to
police; (2) the court erred by admitting recordings of phone
calls that Velez-Garriga made from jail into evidence, as well
as a photo of his tattooed hands; and (3) Velez-Garriga's
sentence was excessive.  Velez-Garriga's appellate attorney, who
was different from the trial counsel, did not argue that trial
counsel rendered ineffective assistance.  Respondent's Resp. to
Pet. ("Resp.") ¶ 12, ECF No. 4.

On March 21, 2018, the conviction was affirmed.
*People v. Velez-Garriga*, 159 A.D.3d 928 (App. Div. 2018).  The
New York Court of Appeals denied leave to appeal on June 28,
2018, *People v. Velez-Garriga*, 31 N.Y.3d 1122 (2018), and his
conviction became final ninety days later, on September 26,
2018.  *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

On January 8, 2019, Petitioner filed his first *pro se*
application for a writ of error *coram nobis*, claiming that his
appellate counsel was ineffective for failing to argue that his

---

in paragraphs 8 through 19 of Respondent's opposition.  *See* Petitioner's
Omnibus Mot. 4, ECF No. 6.

2

trial counsel was ineffective.  Resp. ¶ 11.  Petitioner's

appellate counsel submitted an affirmation to the Appellate

Division, explaining that she did not raise the ineffective

assistance claim on direct appeal because it involved facts

outside the record.  *Id.* ¶ 12.  The Appellate Division denied

Petitioner's *coram nobis* motion in June 2019, *People v. Velez-*

*Garriga*, 174 A.D.3d 828 (App. Div. 2019), and the New York Court

of Appeals denied leave to appeal on October 31, 2019.  *People*

*v. Velez-Garriga*, 34 N.Y.3d 985 (2019).

Petitioner filed his second *pro se* application for a

writ of error *coram nobis* on December 20, 2019, again claiming

that his appellate counsel was constitutionally ineffective.

Appellate counsel again submitted an affirmation explaining her

reasons for not pursuing an ineffective assistance of counsel

claim on direct appeal.  *Id.* at ¶ 16.  The Appellate Division

denied this motion in July 2020.  *See People v. Velez-Garriga*,

185 A.D.3d 971 (App. Div. 2020).  The New York Court of Appeals

denied leave to appeal in October 2020.  *People v. Velez-*

*Garriga*, 35 N.Y.3d 1116 (2020).

Petitioner timely filed his habeas petition in this

Court on November 23, 2020.[2]  The petition asserts five grounds

---

[2] Although Velez-Garriga filed his petition more than a year after his
conviction became final, the period during which his *coram nobis* applications
were pending does not count towards the AEDPA's one-year limitations period.
28 U.S.C. § 2244(d)(2).

for relief: (1) an N.Y.P.D. detective violated Velez-Garriga's

constitutional rights by eliciting statements after he invoked

his right to counsel; (2) the trial court's admission of the

phone call and photo evidence violated Velez-Garriga's due

process rights; (3) his sentence was excessive under the Eighth

Amendment; (4) appellate counsel was constitutionally

ineffective for failing to assert trial counsel's

ineffectiveness; and (5) appellate counsel was constitutionally

ineffective for failing to file a post-conviction motion

regarding improper comments by the trial judge.  Respondent

contends that the second claim is procedurally barred, and the

third claim is unexhausted, but should be deemed exhausted and

procedurally barred because Petitioner no longer has a state

forum in which to raise it.  *See Bossett v. Walker*, 41 F.3d 825,

828 (2d Cir. 1994) ("Generally, if a federal habeas petition

contains unexhausted claims, a federal court should dismiss it.

However, if the petitioner no longer has 'remedies available' in

the state courts under 28 U.S.C. § 2254(b), we deem the claims

exhausted.").[3]

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

## II.  Discussion

### A.  Motion for Stay and Abeyance

The Supreme Court has cautioned that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's "twin purposes" — namely, reducing delays in the resolution of habeas petitions and encouraging exhaustion of state remedies prior to habeas filings.  *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005).  Accordingly, a stay is appropriate only if the petitioner can show (1) that he had "good cause for [his] failure to exhaust his claims first in state court"; (2) that his claims are "potentially meritorious," or (said differently) not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics."  *Id.* at 277-78.

It is not entirely clear which claim(s) Velez-Garriga seeks to exhaust in the event a stay is granted.  He says he wishes to "present to the State Court the ineffective assistance of counsel claims that [his] appellate counsel investigated [and] found credible but failed to pursue."  Petitioner's Omnibus Mot. ("Mot.") 1, ECF No. 6.  This appears to be a reference to his claim that appellate counsel was ineffective for failing to argue on direct appeal that his trial counsel was ineffective.  Velez-Garriga also "need[s] to clarify" in state court whether his appellate attorney was ineffective when she

"discover[ed] information that requires review via an initial review collateral proceedings motion," yet failed to file such a post-conviction motion and failed to give Petitioner the information for his own post-conviction motion.  *Id.* 25-26. This appears to refer to Velez-Garriga's claim that appellate counsel was ineffective for failing to file a post-conviction motion asserting trial counsel's ineffectiveness.

Both of these claims of ineffectiveness are already exhausted, if they are indeed the subject of Velez-Garriga's request for stay and abeyance.  Petitioner asserted the first claim in both of his *coram nobis* applications, *see* Pet., Exs. E, H, ECF Nos. 1-7, 1-10 (claiming appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective); and he raised the second claim in his second *coram nobis* application.  *See* Pet., Ex. H, ECF No. 1-10 (claiming appellate counsel was ineffective for failing to file post-conviction motion asserting trial counsel's ineffectiveness).  The state courts denied both motions and denied leave to appeal.  *See People v. Velez-Garriga*, 174 A.D.3d 828 (App. Div. 2019) (denying first *coram nobis* application)); *People v. Velez-Garriga*, 34 N.Y.3d 985 (2019) (denying leave to appeal that denial); *People v. Velez-Garriga*, 185 A.D.3d 971 (App. Div. 2020) (denying second *coram nobis* claim that

appellate counsel was ineffective); *People v. Velez-Garriga*, 35 N.Y.3d 1116 (2020) (denying leave to appeal that denial).

Petitioner's other reasons are unrelated to exhaustion; instead, he appears to be seeking to develop the factual record further.  *See, e.g.*, Mot. 25 ("[B]ecause the State court never addressed the factual inferences of impropriety raised in my Appellate Counsel's Affirmation concerning the trial Court's bias against me[,] . . . I should be able to further explore this issue.").  A general exploration of the trial court's bias is not an appropriate ground for a stay.  *See Rhines*, 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's *failure to exhaust* his claims first in state court." (emphasis added)); *see also Hatcher v. Heath*, No. 10-CV-782, 2010 WL 3417836, at *1 (E.D.N.Y. Aug. 27, 2010) ("The stay-and-abeyance procedure preserves the possibility of federal review of the unexhausted claims.").

**B.   Motion for a Hearing and Expansion of the Record**

Petitioner also argues that a hearing in this Court is necessary to determine whether he received ineffective assistance of counsel.  This evidence, he contends, is necessary to resolve not only his ineffective-assistance-of-counsel claims, but also whether there was sufficient cause and prejudice to excuse certain procedural bars to his second claim.

Mot. 3-4.  This refers to Respondent's argument that Velez-Garriga's evidentiary claims – that the trial court erred by admitting certain evidence – is barred on state-law grounds because counsel failed to preserve the claim for appellate review.  *See* Resp. 17-18.

"Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  *Drake v. Portuondo*, 321 F.3d 338, 345 (2d Cir. 2003).  Among other things, a hearing is required if "the state court did not provide a full and fair hearing and did not make reliable findings relating to the material facts supportable by the record."  *Campaneria v. Reid*, 891 F.2d 1014, 1019 (2d Cir. 1989) (quoting *Townsend v. Sain*, 372 U.S. 293, 312-13 (1963)).

District judges have broad discretion to hold an evidentiary hearing, even absent a request from a petitioner:

> If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing.  But he need not.  In every case he has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim.

*Pagan v. Keane*, 984 F.2d 61, 64 (2d Cir. 1993) (quoting *Townsend*, 372 U.S. at 318).

Petitioner's motion for a hearing is denied at this stage, given that none of his reasons for a hearing provide an appropriate basis on this record.  For example, Petitioner requests a hearing to determine whether certain off-the-record, "improper comments" called into question the trial court's impartiality and thus should have been raised by his appellate counsel in a post-conviction motion.  Mot. 16.  This evidence is immaterial to Petitioner's claims, however, because appellate counsel only represented Petitioner on direct appeal and had no obligation to file a post-conviction motion on his behalf. Similarly, Petitioner is not entitled to a hearing on his trial counsel's "rationale" for failing to raise issues about a 911 call that was never part of the trial-court record.  *Id.* at 15-16.  Appellate counsel's rationale — that the issue depended on facts outside the record — may or may not suffice to overcome a claim of ineffective assistance, but that question appears at this point to be a question of law rather than fact.  And Petitioner's request for a hearing to excuse procedural default (on his second claim) likewise fails because, among other things, he requests a hearing on a question of law: whether the state court's "failure to specify which issue was unpreserved removes the deference that AEDPA places on this issue."  *Id.* at 18.  This is not proper grounds for an evidentiary hearing.  *See Campaneria*, 891 F.2d at 1019 (requiring a hearing if the state

court "did not make reliable *findings relating to the material facts* supportable by the record" (emphasis added)).

This denial is without prejudice to renew. If, at a later stage, I determine that a hearing is required, I will grant one. *See* Rule 8(a) of the Rules Governing Section 2254 Cases (if a habeas petition is not dismissed on initial review, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted"); *see also Samper v. Greiner*, 74 F. App'x 79, 83–84 (2d Cir. 2003).[4]

Petitioner's motion also requests an "expansion of the record." Mot. 4. For the same reasons as the hearing, Petitioner's request to expand the record is denied at this stage. *See* Rule 7(a) of Rules Governing Section 2254 Cases ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").

---

[4] "[A] full evidentiary hearing is not always necessary to resolve a . . . factual dispute." *Samper*, 74 F. App'x at 83–84 (ineffective assistance claim). In some cases, "an affidavit from trial counsel explaining his actions may be sufficient." *Id.*; *see also* Rule 7(a)-(b) of Rules Governing Section 2254 Cases (allowing the district court to direct that the record be expanded by the inclusion of affidavits). Here, the record contains two affirmations from appellate counsel in connection with Petitioner's *coram nobis* applications.

**C.     Motion to Amend**

Finally, Petitioner requests leave to amend his Petition.  Mot. 1.  Federal Rule of Civil Procedure 15, which governs amendments of pleadings, also applies in the habeas context.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *see, e.g.*, *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000).  Generally speaking, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Petitioner's motion gives no indication, however, of why or how he seeks to amend.  The Court thus cannot determine whether leave is warranted.

Petitioner's motion to amend is thus denied without prejudice to renew.  If Petitioner seeks to renew his motion to amend, he must do so within sixty days of the entry of this order.  Petitioner is also directed **include a proposed amended petition with any renewed motion**.  Petitioner is reminded that if a petitioner moves to amend his petition after the one-year statute of limitations under Section 2244(d)(1) has run, the proposed amendments will be time-barred unless they **"relate back"** to the filing date of the original habeas petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle*, 545 U.S. at 655.  In the habeas context, a proposed amendment arises out of the same "conduct, transaction, or occurrence" as an original petition "only when the claims added

11

by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id.* at 657.

### III. Conclusion

For the foregoing reasons, Petitioner's motion to stay the proceedings is DENIED.  Petitioner's motions for a hearing, expansion of the record, and leave to amend are DENIED without prejudice to renew.  Petitioner shall file a renewed motion to amend, if any, within sixty days of the entry of this order. Any renewed motion shall set forth the grounds for the proposed amendment and include a proposed amended petition.


SO ORDERED.


                                    /s/ Eric Komitee
                                   ERIC KOMITEE
                                   United States District Judge


Dated:     April 5, 2022
           Brooklyn, New York